Mike Schumann    OSB #74288
E-mail: *mike@sstlr.com*
Michael E. Rose    OSB #75322
E-mail: *mrose@sstlr.com*
STEENSON, SCHUMANN,
TEWKSBURY, CREIGHTON
& ROSE, P.C.
500 Yamhill Plaza Building
815 S.W. Second Avenue
Portland, Oregon  97204
Phone:  (503) 221-1792
Fax:     (503) 223-1516

Of Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GEORGE CHAVEZ and MARTHA CHAVEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>ANTHONY V. PASSADORE, MARK S. DELONG, MICHAEL J. KRANTZ, JOSEPH D. YOUNG and THE CITY OF PORTLAND,<br><br>Defendants. | Civil No.<br><br>CV '06  280  JO<br><br>COMPLAINT<br>(Civil Rights / Damages)<br><br>DEMAND FOR A JURY TRIAL |

I

INTRODUCTION

1.  Pursuant to 42 USC § 1983, Plaintiffs allege the violation of their rights to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United

States Constitution. Under state law, Plaintiffs allege claims for false imprisonment, a battery (Martha Chavez only), trespass and negligence. Plaintiffs seek damages.

II

JURISDICTION

2.    This court has jurisdiction over plaintiffs' claims by virtue of 28 USC §§ 1331, 1343, and 1367.

III

PARTIES

3.    Plaintiffs George Chavez and Martha Chavez are residents of the State of Oregon and resided at 8133 SE Glenwood, Portland, Oregon, on October 6, 2005. Martha Chavez is George Chavez's mother.

4.    At all times material herein, Defendants Passadore, DeLong, Young and Krantz were Portland Police Officers acting within the course and scope of their employment with the City of Portland. They are sued in their individual capacities.

5.    Defendant City of Portland ("Portland") is a public body responsible under state law for the acts and omissions of its police officers, including those officers named as defendants herein.

IV

FACTS

6.    At all times material herein, Delong, Young, Krantz and Passadore acted under color of state law.

7.    On or about October 6, 2005, George Chavez and Martha Chavez were at their

above home when Defendants Delong, Young, Krantz and Passadore entered Plaintiff's front porch knocked on their front door. Defendant Krantz then went to another window on the side the house and looked through the window into the home. Plaintiff, George Chavez opened the door and Defendants Delong, Young, Krantz and Passadore forcibly entered Plaintiffs' home, pushing Plaintiff Martha Chavez to the floor. Defendants Delong, Young, Krantz and Passadore were personally responsible for and/or otherwise caused the treatment of the Plaintiffs described above.

8. No warrant to enter or search Plaintiffs' home or spy on Plaintiffs through their windows was issued by any Court, and no probable cause, consent or exigent circumstances existed which would allow Defendants to enter Plaintiffs' home or spy on Plaintiffs through their windows without a warrant.

9. Defendants Delong, Young, Krantz and Passadore used excessive force resulting in physical injury to Plaintiff Martha Chavez.

10. Plaintiff, Martha Chavez suffered physical injury, pain, physical trauma, stress, anxiety, and mental trauma as a result of the conduct described above. As a further result, she incurred medical bills. Plaintiff George Chavez suffered stress, anxiety, and mental trauma as a result of the conduct described above.

V

FIRST CLAIM FOR RELIEF

(Section 1983 - Fourth Amendment Violation)

11. As described above, Defendants Delong, Young, Krantz and Passadore violated or caused the violation of the George Chavez and Martha Chavez' rights to be free from

unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution.

12.     As a result of the above, George Chavez and Martha Chavez are entitled to an award of non-economic and economic damages against Defendants Delong, Young, Krantz and Passadore in amounts to be determined at trial.

13.     The described conduct of Defendants Delong, Young, Krantz and Passadore was reckless and wanton and in violation of the Plaintiffs' well established constitutional rights entitling them to an award of punitive damages against those defendants in amounts to be determined at trial.

14.     The Plaintiffs should be awarded their attorney fees and litigation expenses/costs against Defendants Delong, Young, Krantz and Passadore pursuant to 42 USC § 1988.

VI

SECOND CLAIM FOR RELIEF

(State Law Claims)

15.     The Plaintiffs have filed this case within 180 days of the date of the incident and have thereby satisfied the notice requirements of the Oregon Tort Claims Act.

16.     Defendant, City of Portland is responsible for the following tortious conduct of its employees described above: false imprisonment, battery (against Martha Chavez only), trespass and negligence.

17.     As a result of the above, the Plaintiffs are entitled to an award of non-economic and economic damages against Defendant City of Portland in amounts to be determined at trial.

18.     The Plaintiffs should be awarded their costs against Portland.

WHEREFORE, plaintiffs pray for relief from the Court as follows:

1. Assume jurisdiction in this matter over plaintiffs' claims;

2. Award plaintiffs non-economic and economic damages against defendants in amounts to be determined at trial;

3. Award plaintiffs punitive damages against Defendants Passadore, DeLong, Young and Krantz in amounts to be determined at trial;

4. Award plaintiffs their attorney fees and litigation expenses/costs against defendants in accordance with the allegations set forth above; and

5. Grant such other relief as may be just and proper.

DATED this 28th day of February 2006.

Michael Schumann OSB 74288
Mike Rose OSB #75322
503- 221-1792
Of Attorneys for Plaintiffs